IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 JUL 14  PM 2: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| SECURITY FIRE PROTECTION CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT S. RUSSELL and SOUTHERN FIRE & SECURITY, INC., <br><br> Defendants. | NO.   05-2353 B/An |

## ORDER DENYING MOTION FOR EXPEDITED DISCOVERY

Before the Court is the Verified Complaint for Temporary Restraining Order, Temporary and Permanent Injunctions and Money Damages filed with the Court on May 11, 2005. A Motion for Expedited Discovery is contained within the Verified Complaint. United States District Judge J. Daniel Breen referred the Motion for Expedited Discovery to the Magistrate Judge for determination, and the Court held a hearing on this matter on June 30, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff filed this action against Defendants requesting temporary and permanent injunctive relief and civil damages.[1] Plaintiff operates a business that installs, monitors, repairs and inspects fire and burglar alarms. Defendant Robert S. Russell ("Russell") was employed by Plaintiff as the Department Manager of Plaintiff's Alarm & Detection Division, and Plaintiff and

---

[1] All of the facts contained in this Order are taken from Plaintiff's Verified Complaint.

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-15-05

Russell executed an Employee Confidentiality Agreement and Covenant Not to Compete (the "Agreement") on January 5, 1999. The Agreement provides that Russell understood he would have access to confidential information, trade secrets and the like during his employment with Plaintiff. The Agreement also provides that Russell would not compete with Plaintiff.

Russell resigned from his employment with Plaintiff on February 7, 2005, and in his resignation letter, Russell stated that "he had made the decision to begin his own fire alarm company." (Verified Compl., ¶ 13). Plaintiff alleges that Russell is currently competing against Plaintiff in his new business, Southern Fire & Security, Inc. ("Southern"), and that Russell is offering services similar to those provided by Plaintiff. Plaintiff also alleges that Defendants have solicited Plaintiff's existing and prospective customers in violation of the Agreement, and that Defendants are "using the confidential and trade secret information of Plaintiff Security Fire to the advantage of Defendant Russell and Defendant Southern and to the detriment of Plaintiff, in violation of the Agreement." (*Id.* ¶ 19).

Within its Complaint, Plaintiff requests that the Court enter an Order allowing Plaintiff the right to conduct expedited discovery and allow Plaintiff to commence discovery simultaneous with the service of the Complaint and Summons upon the Defendants. Plaintiff requests it be permitted to commence depositions within 20 days after service of the Complaint, and Plaintiff requests the Court require Defendants to respond to Requests for Production of Documents within 5 days of the start of the depositions. Plaintiff also asks that it be allowed to immediately commence all discovery allowed by the Federal Rules of Civil Procedure, including serving subpoenas and serving discovery requests on Defendants.

2

## ANALYSIS

Courts have developed two separate tests to apply when determining whether or not to grant a motion for expedited discovery. In *Notaro v. Koch*, a district court in the Southern District of New York held that when looking at a request for expedited discovery, a court should look at whether the plaintiff can demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) ("the *Koch* test"). The *Koch* test also allows a court to look at two additional considerations: "whether the request is narrowly tailored given the time restraints and whether the movant could have avoided such restraints by acting prior to the request." *Id.* (citing *Irish Gay & Lesbian Org. v. Giuliani*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996)). Multiple courts have followed the *Koch* test. *See, e.g., Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00-2398, 2000 WL 34012862, at *3 (D.D.C. Dec. 18, 2000); *Gidatext, S.R.L. v. Campaniello Imps., Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998).

Other district courts apply a more liberal test for expedited discovery that is based on a standard of reasonableness. This "reasonableness test" asks courts to decide if expedited discovery is appropriate based on "reasonableness of the request in light of all of the surrounding circumstances . . . ." *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. 2003) (internal quotation marks omitted); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000). When applying the reasonableness test, the Court should apply multiple factors, including "(1) whether a

3

preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (citing *Entm't Tech.*, 2003 WL 22519440, at *3-5).

In this matter, the Complaint does not specifically state why expedited discovery is being sought. Instead, the Complaint simply states that "pursuant to the Federal Rules of Civil Procedure, this honorable court issue an Order allowing plaintiff the right to engage in expedited discovery . . . simultaneous with the service of the Complaint and Summons upon the defendant as in the manner allowed by law." At the hearing, Plaintiff's counsel stated that Plaintiff would be irreparably harmed if it was not allowed to engage in expedited discovery and that it needed expedited discovery in order to support its request for injunctive relief. However, counsel admitted that Plaintiff has not requested a hearing on its request for temporary and permanent injunctive relief even though the Complaint was filed over 9 weeks ago.

At the hearing, Defendants argued that the only claim in this lawsuit that is subject to federal jurisdiction is Plaintiff's claim filed pursuant to the Lanham Act, as the remaining claims are contractual in nature and are therefore subject to state law. Defendants also stated that they planned to file a motion to dismiss the Lanham Act claim, and that if the Court granted the motion to dismiss, the Court would lack subject matter jurisdiction over the state law claims. Defense counsel finally argued that Plaintiff has been aware that Defendant was engaged in a competing business since February 2005; therefore, Plaintiff's claim that it will suffer irreparable harm is unsupported.

4

Whether following the *Koch* test or the more liberal reasonable test, the Motion for Expedited Discovery should be denied. The Court notes that Defendant filed an unopposed motion to extend the time it is required to answer or otherwise respond to Plaintiff's Complaint. Additionally, Plaintiff has not demonstrated any urgency considering that it has been over nine weeks since the Complaint was filed and Plaintiff still has not requested a hearing on its motion for injunctive relief. Plaintiff has presented the Court with no evidence showing a probability of success in this matter, and Plaintiff has presented the Court with no evidence of some connection between the expedited discovery and the avoidance of the irreparable injury. In light of all the surrounding circumstances, the Court does not believe that expedited discovery is warranted. Plaintiff should be able to protect its interests through the normal discovery process prescribed in the Federal Rules of Civil Procedure. For these reasons, the Motion for Expedited Discovery is **DENIED**.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: July 15, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 2:05-CV-02353 was distributed by fax, mail, or direct printing on July 15, 2005 to the parties listed.

---

Reagan F. Goins
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

James B. Summers
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Thomas L. Henderson
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Kristy L. Gunn
LEWIS FISHER HENDERSON CLAXTON & MULROY
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT